IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FORTH'S FOODS, INC., et al.,

          Plaintiffs,

v.                                      CIVIL ACTION NO. 3:07-0670

ALLIED BENEFIT ADMINISTRATOR,
INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is Plaintiffs' Motion to Strike Consent to Removal of Defendant Alliance Benefit Management, Inc. (Doc. 11) and Plaintiffs' Second Motion to Remand (Doc. 12). For the reasons below, the Court **GRANTS** both motions. Additionally, and because of the Court's determination in this Order, the Court does not have jurisdiction to rule on the Plaintiffs' Motion to File a Second Amended Complaint (Doc. 15).

**FACTS**

On April 23, 2007, Plaintiffs Forth's Foods, Inc. ("Forth's Foods") filed suit in the Circuit Court of Cabell County, West Virginia, alleging claims against various defendants based on conduct involving Forth's Foods' group insurance plan. After amending the Complaint, the defendants include Allied Benefit Administrators ("ABA"); Alliance Benefit Management Company ("ABM"); Andrea Mills ("Mills"); Insurance Solutions of Kentucky, Inc. ("Insurance Solutions"); George Arnold ("Arnold"); Clarendon National Insurance Company ("Clarendon"); Pan American Life Insurance Company ("Pan American"); Underwriters at Lloyd's London, Certain Underwriters at Lloyd's London, and Excess Underwriters at Lloyd's London (collectively "Lloyd's"); Connecticut

General Life Insurance Company ("Connecticut General"); and American Progressive Benefits, Inc. ("American Progressive"). Physician Services, L.C., doing business as 4 Most Health Network was dismissed from the suit on July 2, 2007.

On May 24, 2007, ABA and Mills removed the case to this Court based on federal question jurisdiction, stating that Plaintiffs' complaint asserting state law claims is preempted by the Employee Retirement Income Security Act ("ERISA"). In response, Plaintiffs filed a Motion to Amend the Complaint which this Court granted on September 20, 2007.

However, on October 11, 2007, this Court granted Plaintiffs' Motion to Remand because the removing defendants failed to obtain consent for removal from the other defendants. The Court's opinion acknowledged that it would have had jurisdiction based on ERISA preemption.

After the remand to state court, on October 24, 2007, American Progressive filed its Notice of Removal, including the purported consents of the other defendants.[1]  Plaintiffs then filed the motions at issue on November 21, 2007.

## DISCUSSION

<u>Motion to Strike Consent to Removal by ABM</u>

Plaintiffs argue that ABM's consent to removal is invalid because it was not signed by counsel, but rather by Terence L. Ryan, the Director of Corporate Affairs and Corporate Secretary. Because ABM's consent was invalid, Plaintiffs contend that there was not unanimous consent of all defendants, as required by 28 U.S.C. § 1446.

---

[1] Since Plaintiffs argue that Alliance Benefits Management, Inc.'s consent was invalid, the Court will address the validity of the consent below.

In both Pan American's Combined Response and in American Progressive's Combined Response, Defendants argue that anyone who has authority to bind the corporation can sign a consent to removal. Defendants rely heavily on *Foley v. Allied Interstate Inc.,* in which the defendant's consent to removal was not signed by the company's hired counsel, but was signed by the company's general counsel. 312 F.Supp.2d 1279, 1281 (C.D. Cal. 2004). The plaintiff argued that the general counsel did not have authorization to consent to removal because the company retained counsel for the matter. *Id.* at 1282. However, the Court held that the corporation's general counsel did have authority to consent. *Id.* Here, Defendants' Response misses the primary point -- that the general counsel is an *attorney* authorized to represent the corporation.

Defendants also rely on a First Circuit case in which a notice of appeal was signed by a non-attorney and bound the corporation. *Ruiz Rivera v. Riley,* 209 F.3d 24 (1st Cir. 2000). However, in so stating, the First Circuit cited only to an opinion published in conjunction with *Ruiz Rivera* in which the Court stated that "a non-lawyer may not represent a corporation in an ongoing proceeding." *Instituto de Educacion Universal Corp. v. United States Dep't of Educ.,* No. 99-1628, slip op. at 8 (1st Cir. 2000). The Court created an exception: "a corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to take up the cudgels and prosecute the appeal." *Id.* Part of the Court's reasoning was that "appeals periods are notoriously brief" and "a corporate litigant whose counsel dies, becomes disabled, or withdraws at an inopportune time would be powerless to perfect the appeal." *Id.* Clearly this is not the case here. In its October 9, 2007 Order permitting ABM's attorneys to withdraw from representation, the Court explicitly informed ABM that it needed to retain counsel. According to the pleadings currently before this Court, it does not appear that ABM has complied

with the requirement that a corporation be represented by counsel. This was not a dire situation in which ABM needed a corporate representative to sign the filing so as to meet the statute of limitations.

A corporation is required to have legal representation. "A corporation, which is an artificial entity that can only act through agents cannot proceed *pro se*. ... Accordingly, only retained counsel could have acted on behalf of these corporation." *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (E.D.N.Y. 1998); *see also Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993). The District Court of Minnesota also held, in an unpublished opinion, that the owner and operator of a corporation cannot represent the corporation in legal matters. *Topside, Inc. v. Topside Roofing and Siding Construction Inc.,* 2001 WL 420159 at *2 (D.Minn.). Thus, the Notice of Removal that the owner and operator signed on behalf of the corporation was "defective" because the corporation "cannot agree to removal without representation by a licensed attorney." *Id.* at *3.

Here, Defendants do not even attempt to argue that Mr. Ryan was an attorney or general counsel who had authority to consent ABM. Rather, they argue that by virtue of his authority to bind the corporation as a corporate officer, his consent to removal was valid. The Court does not agree. A non-lawyer cannot bind a corporation for the purposes of consenting to removal. As Plaintiffs note in their brief, a corporation cannot represent itself; it must be represented by an attorney, which this Court made clear to ABM in prior orders. "A corporation, which is an artificial entity that can only act through agents cannot proceed *pro se*.... Accordingly, only retained counsel could have acted on behalf of these corporation." *Codapro Corp.*, 997 F.Supp. at 326.

Motion to Remand

The first theory on which the Plaintiffs base their Motion to Remand is that the consent to removal was ineffective because counsel for ABM did not sign it.

As the Court stated in its October opinion remanding the case, defendants seeking to remove any civil action from state to federal court must have the consent of all defendants. "Although not expressly stated within the statute [28 U.S.C. § 1446], it is well established that, in cases involving multiple defendants, each must join in the petition for removal." *Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.*, 963 F.Supp. 553, 558 (N.D.W.Va. 1997). ERISA claims are not exempt from the requirement of defendant unanimity in removal. *See, e.g. Stonewall Jackson,* 963 F.Supp. at 557-565 (addressing defendant unanimity prior to discussing ERISA preemption because the procedure applies to all removed cases).

Since ABM's consent to removal was invalid, there is no unanimity. Without unanimity, the federal court does not have jurisdiction and the case must be remanded to state court.

Plaintiffs alternatively argue that removal was untimely filed because it exceeded the 30-day statutory requirement or that the Amended Complaint was not independently removable. Since the Court determined that removal was ineffective, the Court will not address the additional arguments.

## CONCLUSION

For the reasons above, the Court **GRANTS** the Motion to Strike Consent of Removal of Defendant Alliance Benefit Management, Inc. and **GRANTS** Plaintiffs' Second Motion to Remand. The Court **DIRECTS** the Clerk to send a copy of this written Order and Opinion to counsel of record and any unrepresented parties.

        ENTER:    January 7, 2008

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE